UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LORNA BEACH-MATHURA,

                              Plaintiff,

    -against-

THE CITY OF NEW YORK,

                           Defendants.

**MEMORANDUM AND ORDER**

24-CV-06386 (LDH) (CLP)

---

LASHANN DEARCY HALL, United States District Judge:

Lorna Beach-Mathura ("Plaintiff") brings the instant action against the City of New York ("Defendant") alleging personal injuries due to Defendant's negligence in maintaining a sidewalk. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the Complaint.[1]

## BACKGROUND[2]

On October 22, 2023, Plaintiff, a Florida resident, tripped and fell on the sidewalk on the corner of the intersection of Jackson Avenue and Court Square in Queens, New York. (Compl.

---

[1] On April 8, 2025, the Court denied Plaintiff's third motion for an extension of time to serve her opposition to Defendant's motion to dismiss and deemed Defendant's motion unopposed. The Court's decision followed it granting Plaintiff's two prior motions for extensions of time and Plaintiff's failure to timely submit a third such motion. Notably, the basis for Plaintiff's request was counsel's failure to review her calendar until the day before Plaintiff's opposition was due, notwithstanding the doubly extended deadline. Plaintiff now asks the Court to reconsider its denial of her third, and untimely, motion for an extension of time. (Pl.'s Mot. Recons., ECF No. 27.) The Court may grant a motion for reconsideration where there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotation marks omitted). In support of her motion, counsel argues that "[d]ismissal without considering [her] substantive arguments would result in manifest injustice to Plaintiff, who would be denied her day in court based solely on a procedural mistake by counsel." (Pl.'s Mot. Recons. at 3.) Not so. Indeed, for the reasons that follow, even if the Court allowed Plaintiff to file a belated opposition, the Court would be precluded from reaching the merits of her claim. Thus, Plaintiff's motion for reconsideration is DENIED.

[2] The following facts are taken from Plaintiff's Complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

¶¶ 5, 13, ECF No. 1.)  Plaintiff alleges that she fell because of the "dangerous, defective, [and] uneven condition o[f] the sidewalk."  (*Id.* ¶ 13.)

On August 28, 2024, Plaintiff filed for Chapter 7 bankruptcy in the Southern District of Florida.  (Def. Mot. to Dismiss, Ex. B ("Bankr. Pet.") at 1, ECF No. 26-3.)  Plaintiff commenced the instant action on September 11, 2024, seeking compensatory damages.  (Compl.)

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The Petitioner bears the burden of establishing by a preponderance of the evidence that subject-matter jurisdiction exists.  *Id.*  "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[].'"  *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (alterations in original) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).  Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."  *Makarova*, 201 F.3d at 113.

## DISCUSSION

### I.    Plaintiff lacks standing to pursue her claim against Defendant

"Chapter 7 of the Bankruptcy Code [provides] an insolvent debtor the opportunity to discharge h[er] debts by liquidating h[er] assets to pay h[er] creditors."  *Law v. Siegel*, 571 U.S. 415, 417 (2014).  The filing of a Chapter 7 bankruptcy petition "creates a bankruptcy 'estate,'" which is generally comprised of the debtor's property and placed under the control of a trustee,

2

"who is responsible for managing liquidation of . . . assets and distribution of the proceeds." *Id.* Thus, when a debtor files a bankruptcy petition, "all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the bankruptcy estate. 11 U.S.C. § 541(a)(1).

Property of a bankruptcy estate encompasses "'every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative,' and includes 'pending and future or potential causes of action.'" *Reyes v. Sears Holdings Corp.*, No. 217CV4719, 2019 WL 3754197, at *2 (E.D.N.Y. Aug. 7, 2019) (quoting *Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008)). "'Pending and future or potential causes of action' include legal claims that are 'complete and present' as of the commencement of the bankruptcy, or that are commenced post-bankruptcy but are 'sufficiently rooted in the debtor's pre-bankruptcy past.'" *Id.* at *2 (internal citations omitted) (first quoting *City of New York v. FedEx Ground Package Sys.*, Inc., 91 F. Supp. 3d 512, 521-22 (S.D.N.Y. 2015); and then *Jackson v. Novak*, 593 F.3d 171, 176 (2d Cir. 2010)). Importantly, a debtor in a bankruptcy proceeding is obligated to disclose all her interests at the commencement of a case, including any potential causes of action. *See Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008) (finding that 11 U.S.C. § 541(a)(1) defines bankruptcy estate as including "all legal or equitable interests of the debtor in property as of the commencement of the case," thus making "causes of action owned by the debtor" within the purview of § 541). Indeed, "the Bankruptcy Code severely penalizes debtors who fail to disclose assets" by making any "undisclosed assets automatically remain property of the estate after [a bankruptcy] case is closed." *Id.* This is true notwithstanding properly disclosed, unadministered property normally returning to the debtor. *Id.*

Thus, as is relevant here, even where a plaintiff's causes of action have not yet been brought at the time of her bankruptcy proceedings, if they arose prior to those proceedings, the causes of action are the property of the estate unless the trustee relinquishes his or her rights to them. *Id*; *Romeo v. FMA All., Ltd.*, No. 15-cv-6524 (ADS) (ARL), 2016 WL 3647868, at *6 (E.D.N.Y. June 30, 2016) ("[W]hen an action is *not* disclosed by the debtor, it remains property of the bankruptcy estate even after the case is closed . . . unless it is administered or abandoned by the trustee"). In addition, a plaintiff-debtor lacks standing to pursue a cause of action when she fails to disclose said action in a bankruptcy proceeding. *In re Arana*, 456 B.R. 161, 170 (Bankr. E.D.N.Y. 2011) ("[D]uring the pendency of a bankruptcy case, the debtor does not have standing to initiate or pursue an action based on a prepetition claim unless the trustee abandons it back to the debtor"); *Nardino v. Credit Control*, LLC, No. CV1703772ADSAKT, 2019 WL 2053708, at *4 (E.D.N.Y. Mar. 26, 2019) (holding plaintiff did not have standing to pursue her claims because plaintiff failed to disclose any of the claims commenced following her bankruptcy proceeding), *report and recommendation adopted in its entirety*, No. 17CV3772ADSAKT, 2019 WL 2056701 (E.D.N.Y. Apr. 10, 2019). Against this backdrop, Defendant argues that, Plaintiff, as a Chapter 7 bankruptcy petitioner, lacks standing to bring her claim, and therefore, the Court lacks subject matter jurisdiction over this action. (Def.'s Mem. L. Supp. Mot. Dismiss ("Def.'s Mem.") at 6-8, ECF No. 26-11.) The Court agrees.

There is no question that Plaintiff's claim accrued prior to her Chapter 7 bankruptcy petition. Indeed, "the 'standard rule' is that a claim accrues 'when the plaintiff has a complete and present cause of action.'" *In re Ross*, 548 B.R. 632, 638 (Bankr. E.D.N.Y. 2016) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Plaintiff alleges that she tripped and fell on October 22, 2023 (Compl. ¶ 13), and Plaintiff filed her bankruptcy petition on August 28, 2024 (Def.

Mot. to Dismiss, Bankr. Pet. at 1). But, nowhere in the bankruptcy petition does Plaintiff

disclose the instant action as a potential claim. (*See generally* Def. Mot. to Dismiss, Bankr. Pet.)

Accordingly, the action is the property of the bankruptcy estate indefinitely, unless it is

"administered or abandoned by the trustee." *Romeo*, No. 15-cv-6524 (ADS) (ARL), 2016 WL

3647868, at *6. And, even if the instant action was disclosed as a potential claim in Plaintiff's

bankruptcy petition, the claim would still belong to the estate due to the pending nature of

Plaintiff's bankruptcy case. *Chartschlaa*, 538 F.3d at 122; *see also In re Beach-Mathura*, No.

24-18753-RAM (Bankr. S.D. Fla. 2024).

As the weight of relevant authority makes clear, it is the bankruptcy estate, and not

Plaintiff, that has standing to pursue this claim. *See Reyes*, No. 217CV4719, 2019 WL 3754197,

at *2 (dismissing the action because the bankruptcy estate, not plaintiff-debtor, had standing to

pursue the claims); *Coffaro v. Crespo*, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010) (same); *Mintz v.*

*Transworld Sys., Inc.*, No. 14-CV-7044 (JS)(SIL), 2016 WL 4367221, at *4-*5 (E.D.N.Y. May

16, 2016) (same), *report and recommendation adopted in full*, No. 14-CV-7044(JS)(SIL), 2016

WL 4275688 (E.D.N.Y. Aug. 12, 2016). Defendant's motion to dismiss is granted.

## II. Plaintiff may amend her complaint to substitute the Chapter 7 Trustee of her bankruptcy estate as the proper party plaintiff

On June 6, 2025, Plaintiff filed a pre-motion conference letter in anticipation of seeking

to amend her complaint to substitute Marcia T. Dunn ("Trustee Dunn"), the Chapter 7 Trustee of

the Bankruptcy Estate of Lorna Beach-Mathura, as the proper party plaintiff in this action. (Pl.'s

Ltr. Mot., ECF No. 30.) Immediately thereafter, Defendant filed a letter opposing this request.

(Def.'s Opp'n. Ltr., ECF No. 31.) On July 8, 2025, the Court denied Plaintiff's motion for a pre-

motion conference and directed Plaintiff— should she wish to substitute a party—to file a notice

of motion, pursuant to Rule 25 of the Federal Rules of Civil Procedure, by July 16, 2025.

(Order, dated July 8, 2025.)  In addition, the Court noted that, in determining whether to grant

said motion, it would "rely solely on the parties' pre-motion conference letters." (*Id.*)  For the

reasons discussed below, Plaintiff's motion to substitute is granted.

"Rule 25(c) substitution is a procedural mechanism designed to facilitate the continuation

of an action when an interest in a lawsuit is transferred and does not affect the substantive rights

of the parties." *Greystone Bank v. Peralta*, No. 10 CIV 0695 BMC, 2010 WL 3767619, at *1

(E.D.N.Y. Sept. 20, 2010) (quoting *Travelers Ins. Co. v. Broadway West St. Assocs.*, 164 F.R.D.

154, 164 (S.D.N.Y.1995)).  Further, Rule 17(a)(3) of the Federal Rules of Civil Procedure

instructs that a "court may not dismiss an action for failure to prosecute in the name of the real

party in interest until, after an objection, a reasonable time has been allowed for the real party in

interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).  Rule 17(a)'s

purpose is "to insure against forfeiture and injustice.  *Lunney v. United States*, 319 F.3d 550, 557

(2d Cir. 2003) (quoting Fed. R. Civ. P. Advisory Comm. Notes (1966)).  And, whether

substitution of a successor in interest under Rule 25(c) is appropriate is within the sound

discretion of the district court.  *Advanced Mktg. Grp., Inc. v. Bus. Payment Sys., LLC*, 269 F.R.D.

355, 358 (S.D.N.Y. 2010).

Against this backdrop, Defendant argues that a plaintiff-debtor may not substitute the

trustee of the plaintiff's bankruptcy estate where the plaintiff-debtor initially commenced the

action without standing to sue.  (Def.'s Opp'n. Ltr. at 1-2.)  Put differently, Defendant contends

Plaintiff's commencement of this action without standing to sue is a defect that cannot be cured

by substitution.  (*Id.*)  The Court disagrees.

The "substitution of plaintiffs should be liberally allowed when the change is merely

formal and in no way alters the original complaint's factual allegations as to the events or the

6

participants." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 20 (2d Cir. 1997); *see also Grammer v. Mercedes Benz of Manhattan*, No. 12 CIV. 6005 LTS JCF, 2014 WL 1040991, at *5 (S.D.N.Y. Mar. 13, 2014) (concluding substitution of the Chapter 7 trustee was warranted where the plaintiff lacked standing to pursue his claims because it would "not change the nature of the claims or the evidence proffered to support them"). Indeed, where, as here, a debtor "commence[s] an action and assert[s] claims that belong to [her] bankruptcy estate, 'the usual remedy is to substitute as the real party in interest the trustee of the bankruptcy estate. . . . '" *Calvagno v. Bisbal*, No. 06CV02020ADSETB, 2007 WL 9710386, *10 (E.D.N.Y. Jan. 29, 2007); *see Kassner v. 2nd Avenue Delicatessen, Inc.*, 2005 WL 1018187, at *4 (S.D.N.Y. April 29, 2005) ("[I]t is generally preferable to permit the bankruptcy trustee to be substituted, as the named plaintiff, in place of the debtor"). Defendant's argument for dismissal does not persuade the Court that, here, it should depart from the usual remedy. As illustrated in Plaintiff's letter, the only amendment she seeks is the substitution of Trustee Dunn as the proper party plaintiff. (Pl.'s Ltr. Mot. at 1.) As such, granting Plaintiff's request would "not change the nature of the claims or the evidence proffered to support them." *Grammer*, No. 12 CIV. 6005 LTS JCF, 2014 WL 1040991, at *5. Further, it would align with Rule 17(a)'s command and purpose. *See* Fed. R. Civ. P. 17(a)(3); *Lunney*, 319 F.3d at 557.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint is

GRANTED without prejudice.  Plaintiff's motion to amend her complaint to substitute Trustee

Dunn as the proper party plaintiff is also GRANTED.  Should Trustee Dunn wish to pursue

Plaintiff's claim, Plaintiff shall file within thirty (30) days of the entry of this order an amended

complaint substituting Trustee Dunn as the plaintiff in this action.

                                                       SO ORDERED.


Dated:  Brooklyn, New York                        /s/ LDH
           October 24, 2025                        LASHANN DEARCY HALL
                                                       United States District Judge