UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCIA T. DUNN, as trustee for Lorna Beach-Mathura's Bankruptcy Estate,

Plaintiff,

v.

THE CITY OF NEW YORK,

Defendant.

**MEMORANDUM AND ORDER**

24-CV-6386 (LDH)(PCG)

LASHANN DEARCY HALL, United States District Judge:

Marcia T. Dunn ("Trustee Dunn"), as Trustee for the Bankruptcy Estate (the "Estate") of Lorna Beach-Mathura ("Plaintiff"), brings this action against the City of New York ("Defendant") alleging personal injuries due to Defendant's negligence. Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint in its entirety.

## BACKGROUND[1]

On October 22, 2023, Plaintiff, a Florida resident, tripped and fell on the sidewalk on the corner of the intersection of Jackson Avenue and Court Square in Queens, New York. (Complaint ("Compl.") ¶¶ 5, 13, ECF No. 1.) Plaintiff alleges that she fell because of the "dangerous, defective, [and] uneven condition o[f] the sidewalk." (*Id.* ¶ 13.) Plaintiff filed a Notice of Claim with Defendant and sat for a 50-H examination on May 30, 2024. (Compl. ¶¶ 8-9.)

[1] The following facts are taken from the Complaint and accepted as true for the purposes of addressing Defendants' instant motion.

## STANDARD OR REVIEW

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A court considering a Rule 12(b)(6) motion must take the factual allegations in the complaint to be true and draw all reasonable inferences in the plaintiff's favor. *See id.*

## DISCUSSION

Defendant's primary argument for dismissal rests on the deficiency of Plaintiff's Notice of Claim. (*See* Def.'s Mem. Law Supp. Mot. Dismiss ("Mot."), ECF No. 38-9.) Per General Municipal Law § 50-e, a plaintiff bringing a tort action against a municipality must first serve a Notice of Claim ("Notice"). *Brown v. City of New York*, 95 N.Y.2d 389, 392-93 (2000). The Notice, at minimum, must contain:

> (1) the name and post-office address of each claimant, and of his attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable.

*Id*. at 393. Courts evaluating the sufficiency of a Notice ask "'whether it includes information sufficient to enable the city to investigate'" and focus on the purpose the Notice is meant to serve: "whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident." *Id.* (first quoting *O'Brien v. City*

*of Syracuse*, 54 N.Y.2d 353, 358 (1981); then citing *Purdy v. City of New York*, 193 N.Y. 521, 524 (1908); and then *Widger v. Cent. Sch. Dist. No. 1*, 18 N.Y.2d 646, 648 (1966)). Additionally, "[c]laims of roadway or sidewalk defects must be set forth with great specificity because of their transitory nature." *Burgos v. City of New York*, 202 A.D.3d 744, 745–46 (N.Y. App. Div. 2022). When determining a motion to dismiss a complaint on the grounds that the Notice is deficient, a court "in addition to examining the four corners of the notice of claim, may consider the testimony provided during an examination pursuant to General Municipal Law § 50-h, as well as any other evidence properly before [it]." *Id.*

Here, the Notice, (Notice of Claim, Pl.'s Opp'n, Ex. A, ECF No. 39-2), does not meet the statutory specificity requirements. The Notice describes the location of the accident as "the sidewalk corner of Jackson Avenue and Court Square" in Queens. The Notice also indicates that the manner in which the accident arose as due to the "dangerous, defective, and unsafe condition of the sidewalk." (*Id.* at 1-2.) While Plaintiff's description of the location of the accident may sufficiently allow the city to locate the offending sidewalk, the Notice does next to nothing to clarify "the nature of the defect which [] caused plaintiff to fall[,]" making it "impossible for the city to conduct its investigation." *Parise v. New York City Dep't of Sanitation*, No. 03-CV-1673, 2007 WL 2746912, at *3 (E.D.N.Y. Sept. 19, 2007), *aff'd*, 306 F. App'x 695 (2d Cir. 2009) (quotation omitted). Courts have routinely dismissed complaints based on similarly deficient Notices, finding that these Notices, which point to a "defect" without specifying what the defect may be, do not provide the municipality enough information to investigate a claim in a timely and efficient manner. *See Lupo v. City of New York*, 160 A.D.2d 773 (N.Y. App. Div. 1990) ("[P]laintiff's notice of claim was patently deficient in that it . . . failed to describe the nature of the street defect which allegedly caused the plaintiff's [] 'slip and fall' accident."); *Aviles v. City*

*of New York*, 202 A.D.2d 530, 531 (N.Y. App. Div. 1994); *Levine v. City of New York*, 111 A.D.2d 785, 786 (N.Y. App. Div. 1985).

Plaintiff contends her §50-h testimony and the photographs of the accident she provided to Defendant cure any deficiencies that may be present in her Notice of Claim and that these deficiencies, even if present, did not prejudice Defendant by hindering its ability to investigate her claim. (Pl.'s Opp'n at 9-13, ECF No. 39.) Not so. Plaintiff's §50-h testimony and the photographs she provided after filing her Notice only serve to sow confusion. Indeed, Plaintiff's 50-h testimony does not offer a clear account of what caused the accident and does not offer consistent information about where the accident occurred. (Beach-Mathura Tr., Pl.'s Opp'n, Ex. C. 16:6 -23:22; 30:8-32:8, ECF No. 38-4.) Additionally, the Court fails to see how the photos Plaintiff provided 10 months after her Notice was filed and six months after her §50-h interview could have aided Defendant in a timely and exhaustive investigation of her claims. Accordingly, the Court finds that Defendant was prejudiced by the deficiencies in the Notice since it could not adequately investigate the facts surrounding Plaintiff's accident in a timely and efficient manner based on the information provided. *See Levine*, 111 A.D.2d at 786; *Aviles*, 202 A.D.2d at 532; *Parise,* 2007 WL 2746912, at *3.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Amended Complaint is **GRANTED**.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge